IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEROY REED,**

    **Plaintiff,**

vs.                                                       Case No. 4:05cv469-WS/WCS

**CHARLIE CRIST, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    This cause is before the Court upon referral from the Clerk of Court after being transferred here from the Middle District of Florida. Doc. 5. Plaintiff's complaint, doc. 1, has been reviewed as is required by 28 U.S.C. § 1915A. It is apparent that this complaint fails to state a claim upon which relief may be granted. Due to the nature of the allegations, it is also evident that leave to amend would not be beneficial and this case should be dismissed.

    While Plaintiff's complaint is not a model of clarity and the factual assertions are far from clear, Plaintiff clearly indicates that at the heart of this case is a disciplinary report for which Plaintiff lost 90 days gain time. Doc. 1. As relief, Plaintiff seeks the

restoration of that gain time as it has not been restored and disciplinary report has not been overturned or otherwise invalidated. *Id.*, at 8. The attachment Plaintiff presented with the complaint reveals that Plaintiff entered a "no contest" plea to the disciplinary report at issue. Doc. 1, attachment A.

Clearly established Supreme Court precedent dictates that the sole remedy for a prisoner seeking restoration of good-time credits is through a petitioner for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The basis for that holding is that such relief is an attack on "the very duration of . . . physical confinement," which lies at "the core of habeas corpus." Preiser, at 487-88, 93 S.Ct. 1827. This civil rights case cannot provide the relief sought by Plaintiff.

Moreover, even if Plaintiff were to drop the request for the restoration of gain time, this action cannot be maintained for monetary damages either. That is so because in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a prisoner cannot maintain a civil rights action on a claim that he was subjected to unconstitutional disciplinary procedures when the conviction underlying the disciplinary action had not already been invalidated or overturned. Recovery on any such claim would necessarily imply the invalidity of the conviction and, in such cases, would necessarily mean that the term of imprisonment imposed on Plaintiff was unlawful. All such challenges for quicker or speedier release from incarceration must be made through habeas corpus.

Because in this case Plaintiff cannot demonstrate that the prison disciplinary proceeding has been overturned or otherwise rendered invalid, this action cannot

proceed.  Plaintiff's sole remedy is through a petition for writ of habeas corpus and this case must be dismissed for failing to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 20, 2006.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.